IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TIMOTHY GUNN (# 96721)                                              PETITIONER

v.                                                        No. 2:11CV218-MPM-SAA

EMMITT SPARKMAN, ET AL.                                            RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Timothy Gunn for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Gunn has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

The petitioner, Timothy Gunn, is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Gunn was convicted of grand larceny in the Circuit Court of Bolivar County, Mississippi. On November 18, 2009, he was sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 to serve ten years in the custody of the Mississippi Department of Corrections ("MDOC"). State Court Record (hereinafter "SCR"), Vol. 1, p. 43-44.

Gunn appealed his conviction and sentence in the Mississippi Supreme Court, raising the following issues (as stated by counsel):

Issue 1.   The trial court erred in denying defense counsel's motion for a mistrial when the state impermissibly commented on Appellant's exercise of his post-*Miranda* right to remain silent.

Issue 2.   The evidence was [not] sufficient to sustain the jury's verdict of guilty to the charge of grand larceny.

Issue 3. The photo line-up by which Appellant was originally identified was overly suggestive so as to taint the in court identification.

On January 27, 2011, the Mississippi Supreme Court affirmed the judgment of the Circuit Court. *Gunn v. State,* 56 So.3d 568 (Miss. 2011) *reh'g denied* March 31, 2011 (Cause No. 2009-KA-01901–SCT).

On July 21, 2011, Gunn filed an Application to proceed in the trial court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court. In that application Gunn raised the same three issues now raised in his federal petition for a writ of *habeas corpus*. On September 8, 2011, the Mississippi Supreme Court filed an order denying the application. Miscellaneous Pleadings, Cause No. 2011-M-01054.

In the instant petition for a writ of *habeas corpus* Gunn raises the following issues (*pro se*):

**Ground One.** Timothy Gunn's sentence is illegal and in violation of the 5th and 14th Amendment to the United States Constitution and Article 3, § 14 and § 26, of the Constitution of the State of Mississippi.

**Ground Two.** Petitioner, Timothy Gunn, was denied due process of law and effective assistance of counsel, in violation of the 5th and sixth amendments to the United States Constitution, where the state's evidence never proved grand larceny under elements required by law and where state was prepared to admit this, even after the jury verdict, if Gunn would plead guilty to a misdemeanor offense. Counsel was ineffective in failing to challenge the state's evidence in the trial court and to bring this point in the direct appeal.

**Ground Three.** Petitioner Timothy Gunn was denied effective assistance of counsel, in violation of the 5th and 6th Amendments to the United States Constitution, where counsel, in his closing arguments, made a prejudicial statement to the jury, against the facts provided to counsel by Gunn, that Gunn was the person in the video which the prosecution offered as evidence, thus, thereby telling the jury that Timothy Gunn was guilty.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Two, and Three on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120

S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, or Three of the instant petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Insufficiency of the Evidence

In Ground One, Gunn challenges the sufficiency of the evidence to support his grand larceny conviction. A federal court may consider a challenge to the sufficiency of the evidence presented in state court, but only where the evidence, viewed in the light most favorable to the prosecution, is such that no rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 (1979). A review of the record, however, reveals more than sufficient evidence to support the jury's verdict in this case.

At trial, Fred King testified that he was working at 21st Century Cleaners in Cleveland,

Mississippi, when he saw a black male across the street walking around a truck parked at the Moose Lodge.  SCR, Vol. 2, p. 38.  The man, who was wearing a red shirt and khaki pants, lifted up the top of the tool box in the bed of the truck and removed a black and gold bag.  SCR, Vol. 2, p. 38, 48.  At some point during King's observation, he called out to his boss, James Farmer, who came to the window and also observed the man wearing a red shirt and khaki pants remove the black and gold bag from the truck.  SCR, Vol. 2, p. 43, 53.  Farmer called the police to report the activity.  SCR, Vol. 2, p. 54.

Officer Brian Goza testified that he responded to the call from dispatch who informed him that a black male wearing a red shirt had removed a black and gold bag from a truck parked at the Moose Lodge. SCR, Vol. 2, p. 59.  Dispatch also stated that the suspect was near the intersection of South and Chrisman streets walking south.  *Id.*  Officer Goza was approximately four blocks from that location when he received the information.  *Id.*  Officer Goza approached a man wearing a red shirt and khaki pants who was carrying the yellow and black bag.  SCR, Vol. 2, p. 62.  When Officer Goza got out of the car, the man laid the bag on ground, turned around, and put hands behind his back in interlocking fashion.  *Id.*  Officer Goza recognized the man as Timothy Gunn.  *Id.*  The bag was filled with various tools.  SCR, Vol. 2, p. 63.

After Officer Goza determined that the tools did not belong to Gunn, he was placed under arrest.  SCR, Vol. 2, p. 64.  Two days later, King identified Gunn from a photo lineup as the man he saw remove the bag from the truck.  SCR, Vol. 2, p. 19.  Steven Simpson, the owner of the truck, testified at trial to the contents of the bag and that their value was over $500.00.  SCR, Vol. 2, p. 76, 85. Gunn was ultimately tried and convicted of grand larceny.  He was sentenced as a habitual offender to ten years without parole.

On direct appeal, the Mississippi Supreme Court held:

The tools taken include a DeWalt tool kit, various drills and saws, extra batteries, some tool bits, a set of specialty wirecutters, screwdrivers, and other miscellaneous items. Simpson paid $1,236.90 as the combined price for his tools six months before they were stolen. Although purchase price of the stolen tools is not direct proof of the market value at the time of the theft, it is circumstantial evidence of value. FN4 Simpson testified that replacing the tools would cost him "approximately the same price."

FN4. *Williams v. State,* 994 So.2d 821, 825–826 (Miss.Ct.App. 2008).

While Gunn claims that his conviction must be reversed because the price of the stolen tools was based on purchase price, a jury is allowed reasonably to infer the value of specific items based on purchase price and additional testimony. FN5 Therefore, though Gunn correctly states the measure of value for the tools, we find that the evidence presented was sufficient for a reasonable juror to find that the value of the stolen tools was more than $500. This issue is without merit.

FN5. *Smith v. State,* 881 So.2d 908, 909–910 (Miss.Ct.App.2004).

*Gunn,* 56 So.3d at 571.

The indictment in the case charged Timothy Gunn with grand larceny under Miss. Code Ann. § 97-17-41[1] and as a habitual offender under Miss. Code Ann. § 99-19-81.[2] SCR, Vol. 1, p. 3-4.

The indictment lists six previous convictions including the cause number, court of conviction,

---

[1] Miss. Code Ann. § 97-17-41 provides:
(1) Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000.00), or both. The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense.

[2] Miss. Code Ann. § 99-19-81 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

date of conviction, date of offense, offense, and the length of sentence for each conviction. *Id*. Gunn had previous convictions of grand larceny, two convictions for burglary of a dwelling, burglary of a business, escape, and auto theft. *Id*. The State also submitted a Notice of Intent to introduce prior convictions for purposes of impeachment, which listed the six prior convictions. In addition, at Gunn's sentencing hearing, the State introduced into evidence a certified copy of an indictment and Judgment and Commitment Order for three of Gunn's prior convictions. Vol. 1, p. 15, 42, Vol. 3, p. 160. Finally, Gunn has never denied that he was, indeed, convicted of the charges used to enhance his sentence.

The Mississippi Court of Appeals has ruled on this issue in a similar case and found that the indictment was valid. *Small v. State*, 141 So.3d 61, 66-68 (Miss.Ct.App. 2014). In *Small*, the Mississippi Court of Appeals held:

> The purpose of Rule 11.03 is to ensure that a jury, before deciding a defendant's guilt or innocence, is not informed of the defendant's prior criminal record so as not to be improperly influenced in its verdict. *See Edwards v. State*, 75 So.3d 73, 76 (¶ 7) (Miss.Ct.App.2011). Only after guilt is established does the prior criminal record become relevant. The purpose of Rule 11.03(3) is to give the defendant an opportunity to challenge the fact of his prior convictions in a setting separate from the guilt-determination phase.

*Id*. Rule 11.03(1) provides in pertinent part:

> The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.

The facts of *Small* are substantially similar to the present case:

[T]he State's motion to amend the indictment clearly stated the offenses, cause numbers, dates that sentences were imposed, and the terms of the sentences imposed for Small's prior convictions. Certified copies of the indictments and sentencing orders were submitted into the record at the hearing to amend the indictment and incorporated into the sentencing-hearing record.

> . . .
>
> > [Small] did not object to the introduction of the certified copies of the documents relating to the prior convictions at the hearing on amending the indictment or at his sentencing hearing.

*Small*, 141 So.3d at 67. Though Small's indictment did not comply precisely with Rule 11.03, the State's evidence of Small's prior convictions was sufficient to support the enhancement of his sentence. As the Mississippi Court of Appeals held:

> This was sufficient to provide notice to Small of the prior crimes used to charge him as a habitual offender and an opportunity to challenge them. In *Benson v. State*, 551 So.2d 188 (Miss.1989), the Mississippi Supreme Court held that the failure of an indictment to list the date of conviction was not fatal. The court noted:
>
> > While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, *and specifically the cause number*, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process. The purpose of the above rule is fulfilled . . . .
>
> *Id.* at 196; see also *Hill v. State*, 132 So.3d 1069, 1072–73 (¶¶ 9–11) (Miss.Ct.App. 2014) (central concern is not technical pleading, but sufficiency of the notice); *Hills v. State*, 101 So.3d 691, 693 (¶ 7) (Miss.Ct.App.2012) (Notice of the nature of the crimes, the cause numbers, the sentencing dates, and the length of the sentence was "more than sufficient to put [the defendant] on notice of the prior crimes used to charge him as a habitual offender.")

*Small*, 141 So.3d at 67-68 (emphasis added).

Though, unlike Gunn in the present case, Small pled guilty, and thus conceded the existence of the prior convictions, the principles set forth by the Mississippi Court of Appeals apply to the present case. As set forth above, the indictment provided Gunn with information identifying *six* prior felonies that could be used to enhance his sentence. As to each felony, the indictment set forth: (1) the cause

number, (2) the court of conviction, (3) the date of conviction, (4) the date of the offense, (5) the offense, and (6) the length of the sentence. In addition, after trial, the State provided the trial court with certified copies of indictments and judgment and commitment orders identifying three of those prior convictions to support imposing an enhanced sentence under Miss. Code Ann. § 99-19-81. Certainly, the State provided sufficient information for Gunn to identify the convictions and mount a challenge to one or more of them if he desired to do so. Indeed, Gunn did not speak when his counsel stated that he would not object to the evidence of prior convictions. For these reasons, the court holds that the indictment was sufficient to charge Gunn as a habitual offender under § 99-19-81.

The substantial evidence against Gunn, when viewed in the light most favorable to the prosecution, is such that a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt, including Gunn's status as a habitual offender. *See Jackson v. Virginia*, 443 U.S. 307 (1979). Therefore, the Mississippi Supreme Court's resolution of the issue in Ground One was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, and this ground for relief will be denied.

### Grounds Two and Three: Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's

actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Ground Two: Trial Counsel's Failure to Convince the Jury that the Value of the Stolen Property Was Less Than $500; Appellate Counsel's Decision Not to Raise the Issue on Appeal

In Ground Two of the instant petition, Gunn alleges that his trial counsel was ineffective for failing to convince the jury that the state's evidence was not sufficient to prove grand larceny – and that his appellate counsel was ineffective for not raising this issue on direct appeal. In this ground, Gunn again asserts that the State did not prove the required element for a grand larceny conviction of the value of the stolen property. As set forth above, the State introduced proof that the purchase price of the stolen tools as of six months prior to their theft as $1,236.90.

Under Mississippi's grand larceny statute, the finder of fact must use the market value of the property at the time it was stolen (not the purchase price); however, the factfinder may use the purchase price of the property – with other proof of value – to inform its decision. *Williams v. State,* 994 So.2d 821, 825–826 (Miss.Ct.App. 2008), *Smith v. State,* 881 So.2d 908, 909–910 (Miss.Ct.App. 2004). Evidence of the purchase price of the stolen goods was presented to the jury, as was testimony from the owner of the tools regarding their value at the time of the theft. Nonetheless, Gunn's trial

counsel argued in closing that the evidence presented failed to show that the stolen tools had a value of $500.00 or more. The jury disagreed and found Gunn guilty of grand larceny. Trial counsel made a rational argument in the face of overwhelming evidence of guilt; as such, counsel rendered effective assistance. In addition, Gunn's assertion that appellate counsel did not challenge the valuation of the stolen tools on appeal is squarely contradicted in the record, as appellate counsel made precisely that argument when presenting Gunn's appeal. This issue is without merit and will be denied.

### Ground Three: Trial Counsel's Statement During Closing Arguments That Gunn Was Depicted in the Dashboard Camera Video Viewed by the Jury

Gunn's defense counsel had little to work with to defend his client in light of the overwhelming proof that Gunn, indeed, removed the tools from the victim's truck. Two people witnessed a black man take a black and gold bag from the back of a nearby truck – and noted that he was wearing a red shirt and khaki pants. Gunn is a black man who was, at the time, wearing a red shirt and khaki pants. Minutes later, he was arrested a very short distance from the scene – carrying the stolen tools in the black and gold bag – and wearing a red shirt and khaki pants. A black man wearing a red shirt and khaki pants – and bearing a striking resemblance to Gunn – was captured on video taken from the dashboard camera of the arresting officer's patrol car. Trial Transcript, Vol. 2, p. 59-64. The video was played for the jury, and the arresting officer testified that the man in the video was Timothy Gunn, whom the officer knew prior to the arrest. *Id*. Police officers located the owner of the truck, showed him the tools recovered from Gunn, and the truck owner confirmed that the tools in the bag belonged to him. Trial Transcript, Vol. 2, p. 63-64.

Trial counsel admitted during closing arguments that the man on the video was Timothy Gunn. Trial Transcript, Vol. 2, p149. However, given the volume and quality of evidence presented by the State, had counsel denied that the man in the video was Mr. Gunn, that denial would certainly

have damaged his credibility with the jury. The State had conclusively established that fact. Rather than attempt a fruitless challenge to Gunn's identification during his closing argument, defense counsel argued forcefully that the State did not prove the value of the stolen property sufficiently to support the charge of grand larceny – because no one testified as to a specific value of the tools in question. SCR, Vol. 2-3, p. 147- 152. The State had presented overwhelming evidence – including a video recording – that Gunn was the man who had taken the tools from the back of the victim's truck. Counsel adopted a valid strategy to defend his client in light of the evidence presented. The strategy to challenge the value of the stolen tools was a rational one, and Gunn cannot "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. As such, the Mississippi Supreme Court's decision that Gunn did not meet the *Strickland, supra* standard was correct, and Gunn has not shown that any deficiency on the part of his appellate attorney or any resulting prejudice from his attorney's actions.

## Conclusion

For the reasons set forth above, none of the petitioner's grounds for relief has merit, and the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of December, 2014.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI